# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. POBURSKY, et al., | ) 1:07cv0611 AWI DLB |
| | ) |
| | ) ORDER DENYING PLAINTIFFS' MOTION |
| | ) TO FILE SECOND AMENDED COMPLAINT |
| Plaintiffs, | ) Doc. 100 |
| | ) |
| v. | ) ORDER DIRECTING PLAINTIFFS TO |
| | ) RESPOND TO MOTION TO DISMISS |
| MADERA COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

On February 26, 2008, the Court denied Plaintiffs James S. and Wanda Pobursky ("Plaintiffs") motion to file a second amended complaint (SAC) without prejudice and granted Plaintiffs SIXTY (60) DAYS from the date of service of the order within which to file an opposition to Defendants' February 6, 2008, motion to dismiss/motion to quash OR file a revised motion for leave to file a SAC, along with a proposed SAC. On April 29, 2008, Plaintiffs filed a revised motion to file a SAC and proposed SAC.

## PROCEDURAL BACKGROUND

Plaintiffs filed this action on April 23, 2007. The allegations stem from an incident during which Plaintiffs were arrested and their children taken into custody of Child Protective Services. The complaint named numerous employees of the County of Madera, as well as employees of the Madera County Superior Court.

On July 12, 2007, the Court granted the County and State Court Defendants' motion to dismiss with leave to amend. Certain Defendants were dismissed without leave to amend.

On August 13, 2007, Plaintiffs filed their First Amended Complaint ("FAC"). Defendants moved to dismiss the FAC on September 19, 2007.

On November 5, 2007, after receiving an extension of time, Plaintiffs filed a motion for leave to file a second amended complaint ("SAC") to add additional Defendants and causes of action.

On December 21, 2007, the Court granted County Defendants' motion to dismiss in part. Specifically, the Court decided that the action would proceed on (1) the first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights; (2) the third cause of action to the extent Plaintiff Wanda Pobursky alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to her health by refusing to allow her to use a breast pump; and (3) the fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping, searching and impounding Plaintiffs' van. The Court dismissed all other causes of action and referred the motion to amend the complaint to the undersigned. The Court explained that it "has already informed Plaintiffs about the deficiencies noted in this order." It continued:

> Neither the amended complaint nor Plaintiffs' motion and briefs filed after the pending motion to dismiss cure the deficiencies noted above. Plaintiffs have not asked to file an amended complaint that corrects any deficiencies. The court finds that, at this time, Plaintiffs are unable or unwilling to amend their action to properly allege the constitutional claims and RICO claims being dismissed by this order. Thus, these claims and Defendants will be dismissed without leave to amend at this time. However, this ruling is without prejudice to Plaintiffs filing a properly noticed motion to amend in which they include sufficient allegations to state a claim.

On January 10, 2008, Plaintiffs filed a motion for leave to file a SAC. Also on January 10, 2008, County Defendants filed their answer to the FAC. County Defendants opposed the motion to amend on January 29, 2008. On February 6, 2008, County Defendants filed a motion

to dismiss for insufficient service and/or process.  On February 26, 2008, the undersigned issued an order denying Plaintiff's motion to file a SAC without prejudice finding:

> As the Court explained to Plaintiffs at the hearing, the Court is unable to decide Plaintiffs' motions to amend because they did not submit a proposed Second Amended Complaint with their motions.  See Local Rule 5-137(c).  Accordingly, the Court DENIES Plaintiffs' motions WITHOUT PREJUDICE.
> However, the Court will grant Plaintiffs SIXTY (60) DAYS from the date of service of this order within which to file an opposition to Defendants' February 6, 2008, motion to dismiss/motion to quash OR file a motion for leave to file a SAC, along with a proposed SAC.  If Plaintiffs file a motion to amend, the Court will review the motion *and* determine whether Defendants' February 6, 2008, motion should go forward.  The March 10, 2008, hearing before the Honorable Anthony W. Ishii is therefore VACATED.

**DISCUSSION**

Federal Rule of Civil Procedure Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  The United States Supreme Court has stated:

> [i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).  The Ninth Circuit has summarized these factors to include the following: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment.  Loehr v. Ventura County Cmty. Coll. Dist., 743 F.2d 1310, 1319 (9th Cir. 1984).  Granting or denial of leave to amend rests in the sound discretion of the trial court.  Swanson v. United States Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996).  Despite the policy favoring amendment under Rule 15, leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.  Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991).

The Court has reviewed Plaintiffs' motion and proposed SAC and finds that leave to file the proposed SAC must be denied as futile.  The proposed SAC suffers from the same deficiencies identified by the Court in it's December 21, 2007 order.

### A.   Proposed Second Cause of Action - Fourteenth Amendment Loss of Familial Rights

While Plaintiffs have added detail to their second cause of action for loss of familial rights, the allegations again fail to state a cognizable claim for relief. The basis of Plaintiffs' allegations continues to be that defendants failed to leave children, whose parents had been arrested, with the parents' stated choice of a temporary guardian. As Plaintiffs have been informed, to state a Fourteenth Amendment claim, Plaintiffs must allege deliberate indifference, which requires an officer to know of and disregard an excessive risk. *See* Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiffs have once again failed to do so.

### B.   Proposed Sixth Cause of Action

In this claim, Plaintiffs appear to allege misconduct on the part of Madera County probation officers related to their preparation of a recommendation and report for the court. These allegations fail to state a cognizable claim for relief. "Probation officers preparing reports for the use of state courts possess an absolute judicial immunity from damage suits under § 1983 arising from acts performed within the scope of their official duties." Demoran v. Witt, 781 F.2d 155. 157 (9th Cir. 1986).

### C.   Proposed Seventh Cause of Action - Malicious Prosecution

As in the First Amended Complaint, Plaintiffs fail to state sufficient facts to state a claim for malicious prosecution. The proposed SAC adds detail but not substance. Plaintiffs continue to imply that the continuation of the criminal complaint was an attempt to avoid this federal lawsuit. These allegations alone are insufficient to show malicious motive. As Plaintiffs were informed, a malicious prosecution claim requires plaintiff to prove that the defendant prosecuted him or her with malice and without probable cause and that the defendant did so for the purpose of denying the plaintiff equal protection or another specific constitutional right. *See* Bretz v. Kelman, 773 F.2d 1026, 1031 (9th Cir. 1985 (en banc). Plaintiffs' allegations do not state a claim under Federal Constitutional standards.

///

///

**D.     Additional Allegations**

Plaintiffs again track language used in RICO actions but the proposed SAC includes only conclusory statements that fail to allege sufficient facts to state a civil RICO claim. *See* <u>Ove. V. Gwinn</u>, 264 F.3d 817 (9th Cir. 2001).

Plaintiffs allege a conspiracy claim pursuant to 42 U.S.C. § 1985 based on their status as "radical, Montana Freeman type, Constitutionalists." As the Court previously advised, these allegations fail to state conspiracy claim under Section 1985.

Plaintiffs attempt to cure the deficiencies in the allegations against the supervisor defendants by alleging, " the named supervisor defendants maintained a personal involvement in the claimed constitutional deprivation . . . " and "there was also a sufficient causal connection between the supervisor's wrongful conduct as herein claimed, as they played an affirmative part in the alleged deprivation of constitutional rights by setting in motion a series of acts . . ." Plaintiffs have once again made conclusory allegations against the supervisor defendants which are too vague to state a claim.

## **CONCLUSION**

Based on the foregoing, Plaintiffs' motion to file a second amended complaint is HEREBY DENIED. With the exception of the claims the Court has already found cognizable, the claims in the proposed second amended complaint are futile in that they would be subject to dismissal as discussed herein. Accordingly, this case shall proceed on the first amended complaint on the following claims as previously ordered:

1. The first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights;

2. The third cause of action to the extent Plaintiff Wanda Pobursky alleges that Defendant Sergeant Ackerman and two Doe Nurses caused

a serious risk to her health by refusing to allow her to use a breast pump; and

3. The fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping, searching and impounding Plaintiffs' van.

Plaintiffs are ordered to file their response to Defendants' February 6, 2008 motion to dismiss within 20 days of this order. Defendants may file a reply 10 days thereafter.

IT IS SO ORDERED.

Dated: **July 3, 2008**         **/s/ Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE