IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD POBURSKY and WANDA POBURSKY,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>MADERA COUNTY, et al.,<br><br>　　　　　Defendants. | 1: 07 - CV - 0611 AWI DLB<br><br>ORDER GRANTING MOTION TO DISMISS CINDY SUAREZ, NICK CHA, ED GILL, TODD SPANGLER, ELIZABETH ENINMAN, MADERA ADMINISTRATIVE MANAGEMENT, DENNIS ORANDER, A. HERNANDEZ, RETA NORTON, AND MELISSA NELSON<br><br>(Document #94) |

　　　This action stems from an incident in which Plaintiff James Pobursky and Plaintiff Wanda Pobursky ("Plaintiffs") were arrested and their children taken into Child Protective Services ("CPS")'s custody. Plaintiffs alleged violations of their constitutional rights and RICO. This court has jurisdiction pursuant to 28 U.S.C. § 1331. Because the events at issue occurred in this court's judicial district and division, venue is appropriate.

### BACKGROUND

　　　On April 23, 2007, Plaintiffs filed a complaint. On July 12, 2007, the court dismissed the complaint with leave to amend. On August 13, 2007, Plaintiffs filed an amended complaint. On September 19, 2007, Defendants filed a motion to dismiss the first amended complaint or for a more definite statement. On December 21, 2007, the court granted the motion to dismiss in part and denied it in part. Specifically, the court found that this action would proceed on the following causes of action: (A) The first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to

violate Plaintiffs' Fourth Amendment rights;   (B) The third cause of action to the extent Plaintiff Wanda alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to Plaintiff Wanda's health by refusing to allow her to use a breast pump; (C) The fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping Plaintiffs' van, searching Plaintiffs' van, and impounding the van.  All other causes of action, claims, and defendants were dismissed from this action.

On February 6, 2008, Defendants filed a motion to dismiss for insufficient service and/or process the following named defendants:  Cindy Suarez, Nick Cha, Ed Gill, Todd Spangler, Elizabeth Eninman, Madera Administrative Management, Dennis Orander, A. Hernandez, Reta Norton, and Melissa Nelson ("New Defendants").   Defendants contend that based on this court's December 21, 2007 order, Plaintiffs lacked the authorization to maintain suit against the New Defendants, and as such, Plaintiffs had no authorization to serve their operative complaint and file a return of service documents.

After resolving several motions to amend brought by Plaintiffs, on July 7, 2008, Magistrate Judge Dennis L. Beck granted Plaintiffs twenty days in which to file an opposition to the February 6, 2008 motion to dismiss.  On August 1, 2008, Plaintiffs filed a motion for additional time in which to oppose Defendants' motion.   On August 14, 2008, the court gave Plaintiffs until August 20, 2008 to file any opposition.   Plaintiffs did not file any opposition by August 20, 2008.  To date, Plaintiffs have not filed any opposition to Defendants' February 6, 2008 motion to dismiss the New Defendants.

**DISCUSSION**

The court dismissed Defendants Cindy Suarez, Nick Cha, Ed Gill, Todd Spangler, Elizabeth Eninman, Madera Administrative Management, Dennis Orander, A. Hernandez, Reta Norton, and Melissa Nelson ("New Defendants") by the court's December 21, 2007 order.   In

that order, the court found that this case would only proceed against Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, Deputy Swanson, Defendant Sergeant Ackerman, two Doe Nurses, Doc's Towing and Transport, and Clifton Ginn.

While the summons against New Defendants were filed *after* the date the court dismissed New Defendants from this action, the summons are actually dated December 13, 2007, *prior* to the court's December 21, 2007 order dismissing New Defendants.  It is unclear why Plaintiffs filed the proofs of summons after they were on notice which Defendants and which causes of action were proceeding.  Regardless, the service of summons on New Defendants must be addressed because these documents were filed after New Defendants were no longer in this action.

If a party fails to comply with an order of the court, the court may impose sanctions within the inherent power of the court.  See Local Rule 11-110.  Here, the appropriate sanction is clear - the court should strike the improper proof of summons from the record.  Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993).  Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc. 984 F.2d at 1527.

In this action, the court cannot dismiss New Defendants because they were already dismissed.  However, the proofs of summons that have been filed as to New Defendants should be struck to avoid confuse the parties as to which Defendants remain in this action.  Rule 12(f) authorizes the court to strike a pleading or any portion thereof on its own motion at any time. Fed.R.Civ.Pro. 12(f)(1); Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005); Corrections USA v. Dawe, 504 F.Supp.2d 924, 930 (E.D. CA. 2007).  The court need not

provide prior notice or an opportunity to be heard:  The essence of a court's order to strike sua sponte is the consideration of the allegation on its face without further facts or elaboration. United States v. 416.81 Acres of Land, 514 F2d 627, 630 (7th Cir. 1975).   Because New Defendants have been dismissed, the court shall strike the summonses returned as to New Defendants.

**ORDER**

Based on the above memorandum opinion, the court ORDERS that:

1. Defendants' motion to dismiss is GRANTED;

2. The summonses returned as to Defendants Cindy Suarez, Nick Cha, Ed Gill, Todd Spangler, Elizabeth Eninman, Madera Administrative Management, Dennis Orander, A. Hernandez, Reta Norton, and Melissa Nelson (documents #84, #85, #86, #87, #88, #89, #90, #91, #92, & #93) are STRUCK from this action;

3. As previously found, this action will proceed on the following causes of action:

   a. The first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights;

   b. The third cause of action to the extent Plaintiff Wanda alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to Plaintiff Wanda's health by refusing to allow her to use a breast pump;

   c. The fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County,

4

Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping Plaintiffs' van, searching Plaintiffs' van, and impounding the van.

4. The action is REFERRED to the Magistrate Judge for further discovery and pre-trial issues.

IT IS SO ORDERED.

**Dated:   September 9, 2008**              /s/ Anthony W. Ishii
                                       CHIEF UNITED STATES DISTRICT JUDGE