IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD POBURSKY and WANDA POBURSKY,<br><br>           Plaintiffs,<br><br>   v.<br><br>MADERA COUNTY, et al.,<br><br>           Defendants. | 1: 07 - CV - 0611 AWI DLB<br><br>ORDER DENYING RELIEF FROM DEFAULT, WHICH THE COURT HAS CONSTRUED AS A MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 11, 2008 ORDER<br><br>(Document #120) |

This action stems from an incident in which Plaintiff James Pobursky and Plaintiff Wanda Pobursky ("Plaintiffs") were arrested and their children taken into Child Protective Services ("CPS")'s custody. The action is currently proceeding on Plaintiffs' August 13, 2007 amended complaint. On December 21, 2007, the court, in ruling on Defendants' motion to dismiss, found that this action would proceed on the following causes of action: (A) The first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights;  (B) The third cause of action to the extent Plaintiff Wanda alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to Plaintiff Wanda's health by refusing to allow her to use a breast pump; (C) The fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping Plaintiffs' van, searching Plaintiffs' van, and impounding the van.  All other

1   causes of action, claims, and defendants were dismissed from this action.

2       On January 10, 2008, Plaintiffs filed a motion to amend the complaint.  The proposed
3   amended complaint contained additional Defendants ("New Defendants") and claims other than
4   those the court had found this action would proceed on.

5       On February 6, 2008, Defendants filed a motion to dismiss for insufficient service and/or
6   process on New Defendants.   Defendants contended that based on this court's December 21,
7   2007 order, Plaintiffs lacked the authorization to maintain a suit against New Defendants, and as
8   such, Plaintiffs had no authorization to serve their operative complaint and file a return of service
9   documents.

10       After resolving several motions to amend brought by Plaintiffs, on July 7, 2008,
11   Magistrate Judge Dennis L. Beck granted Plaintiffs twenty days in which to file an opposition to
12   the February 6, 2008 motion to dismiss.

13       On August 1, 2008, Plaintiffs filed a motion for additional time in which to oppose
14   Defendants' motion.  Plaintiffs stated that the order directing Plaintiffs to file a response to the
15   motion to dismiss was sent to an old address.   Plaintiffs stated that they did not have time to
16   respond.   Plaintiffs then stated:  "It is requested of the court that twenty days be given in which
17   to respond."

18       On August 14, 2008, the court gave Plaintiffs until August 29, 2008, to file any
19   opposition.

20       Plaintiffs did not file any opposition by August 29, 2008.   In fact, to date, Plaintiffs have
21   still not filed any opposition to Defendants' February 6, 2008 motion to dismiss the New
22   Defendants.

23       On September 11, 2008, the court granted Defendants' motion and dismissed New
24   Defendants.   The court reasoned that New Defendants had been dismissed by the court's
25   December 21, 2007 order.   In that order, the court specifically found that this action would only
26   proceed against Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E.

27

28       2

1 Hancock, Deputy Tallmon, Deputy J. Adkins, Deputy Swanson, Defendant Sergeant Ackerman, two Doe Nurses, Doc's Towing and Transport, and Clifton Ginn.  Because New Defendants were not parties to this action, the court struck the improper proof of summons from the record.

On September 22, 2008, Plaintiffs filed a motion for relief from default, which the court has construed as a motion for reconsideration of the court's September 11, 2008 order.  Plaintiffs contend that they did not receive the court's order giving them until August 29, 2008 to file an opposition until August 20, 2008.  Plaintiffs contend that between this action and their other pending cases they did not have time to file an opposition.   On September 24, 2008, Defendants filed an opposition to Plaintiffs' motion.

## LEGAL STANDARD

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001); Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925-26 (9th Cir.1988). Nor is reconsideration to be used to ask the court to rethink what it has already thought. Walker v. Giurbino, 2008 WL 1767040, *2 (E.D.Cal. 2008); United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D.Ariz.1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), *aff'd in part and rev'd in part on other*

3

*grounds*, 828 F.2d 514 (9th Cir. 1987).  When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

## DISCUSSION

Plaintiffs have failed to make a showing that any grounds for reconsideration exist. Plaintiffs contend that they did not receive the court's order giving them until August 29, 2008 to file an opposition until August 20, 2009.  Putting aside the issue of whether Plaintiffs should have waited to receive the court's order before working on their opposition, Plaintiffs have failed to show that had the court received an opposition, Defendants' motion would not have been granted.  The court did not grant Defendants' motion to dismiss because Plaintiffs failed to file an opposition.   The court granted the motion because New Defendants are not parties to this case, and as such, the proofs of service need not be filed.   Plaintiffs have neither shown that New Defendants are still parties to this action nor why the court should not have struck the proofs of service.   Thus, reconsideration is not warranted because Plaintiffs have not shown that had Plaintiffs filed their opposition, the court would not have dismissed New Defendants..

The court also notes that Plaintiffs were given more time then they asked for to file their opposition.  Plaintiffs asked for twenty additional days.  Plaintiffs signed their request on July 29, 2008, and this request was filed on August 1, 2008.  The court gave Plaintiffs until August 29, 2008 to file their opposition, well over the twenty days Plaintiffs asked for.  As of July 29, 2008, Plaintiffs believed twenty extra days would be sufficient.  The court gave Plaintiffs thirty days.  Thus, the fact Plaintiffs did not file their opposition within the time Plaintiffs asked for is yet another reason to deny the motion.

//

**ORDER**

Based on the above memorandum opinion, the court ORDERS that:

1. Plaintiffs' motion for relief from default, which the court has construed as a motion for reconsideration of the court's September 11, 2008 order, is DENIED;

2. As previously found, this action will proceed on the following causes of action:

    a. The first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights;

    b. The third cause of action to the extent Plaintiff Wanda alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to Plaintiff Wanda's health by refusing to allow her to use a breast pump;

    c. The fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping Plaintiffs' van, searching Plaintiffs' van, and impounding the van.

3. The action is REFERRED to the Magistrate Judge for further discovery and pre-trial issues.

IT IS SO ORDERED.

**Dated:**   October 29, 2008                   /s/ Anthony W. Ishii
                                                CHIEF UNITED STATES DISTRICT JUDGE