# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. POBURSKY, et al., | )    1:07cv0611 AWI DLB |
| | ) |
| | ) |
| Plaintiffs, | )    ORDER REQUIRING PLAINTIFFS TO |
| | )    SUBMIT FURTHER DISCOVERY |
| v. | )    RESPONSES WITHIN 45 DAYS |
| | ) |
| | )    ORDER DENYING MOTION FOR |
| MADERA COUNTY, et al., | )    SANCTIONS WITHOUT PREJUDICE |
| | )    (Document 126) |
| | ) |
| Defendants. | ) |
| | ) |

Defendants County of Madera, Richard Ackerman, James Adkins, Brian Cunnings, Karl Hancock, Chris Swansen and Jacob Tallmon ("County defendants") filed the instant motion for sanctions on January 16, 2009. The matter was heard on February 20, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiffs are appearing pro se in this matter and appeared on their own behalf. Michael Linden appeared on behalf of the County defendants.

## **BACKGROUND**

Plaintiffs James and Wanda Pobursky ("Plaintiffs") filed the instant action on April 23, 2007. The allegations stem from an incident during which Plaintiffs were arrested and their children taken into custody of Child Protective Services. The action is currently proceeding on Plaintiffs' August 13, 2007, First Amended Complaint ("FAC").

On December 21, 2007, the Court, in ruling on Defendants' motion to dismiss, found that this action would proceed on the following causes of action: (1) the first cause of action, alleging

1

that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights; (2) the third cause of action to the extent Plaintiff Wanda Pobursky alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to her health by refusing to allow her to use a breast pump; and (3) the fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping, searching and impounding Plaintiffs' van.  All other causes of action, claims and Defendants were dismissed.

On September 9, 2008, the Court ruled on Defendants' motion to compel further responses to written discovery.  The Court noted that the parties agreed that Plaintiffs would further respond to the discovery and Defendants would withdraw their request for sanctions.[1] Based on this agreement, the Court ordered Plaintiffs to provide further responses within thirty days of the date of service of the order.

On January 16, 2009, Defendants filed the instant motion for sanctions based on Plaintiffs' failure to follow the Court's September 9, 2008, order.

Plaintiffs filed a late opposition on February 19, 2009.

## DISCUSSION

In the motion, Defendants request sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which provides sanctions for failing to obey discovery orders.  Specifically, Defendants request that (1) the case be stayed until Plaintiffs comply with the Court's September 8, 2008, order; and (2) Plaintiffs be warned that a continued failure to adequately respond to written discovery will result in more serious sanctions, including dismissal of their action.

Defendants' motion also includes a discussion of why they believe that Plaintiffs' most recent responses are deficient.  After reviewing the discovery at issue and discussing the matter with Plaintiffs during the hearing, the Court finds that it would be more efficient at this stage of

---

[1] Defendants requested $675.00 in sanctions to compensate for the costs of the motion.

the proceeding to allow Plaintiffs one **FINAL** opportunity to provide proper responses to discovery.

As the Court explained during the hearing, Plaintiffs must set forth, in a STRAIGHTFORWARD manner, ALL FACTS THAT SUPPORT THEIR CLAIMS.  **IF PLAINTIFFS FAIL TO DO SO, ANY FACTS NOT FAIRLY DISCUSSED IN THEIR DISCOVERY RESPONSES WILL BE PRECLUDED FROM EVIDENCE IN A SUMMARY JUDGMENT MOTION AND/OR DURING TRIAL.**  Fed.R.Civ.Proc. 37(b)(2)(A)(ii).  Plaintiffs confirmed that they understood this at the hearing.

To prevent any confusion, Plaintiffs are directed to respond fully to the following interrogatories:

Discovery served on James Pobursky:

*Served by County of Madera*:  Interrogatories Nos. 2-7, 11, and 17.
*Served by Sergeant Karl Hancock:*  Interrogatories Nos. 1, 3, 6, 7, 8, 9, 12, 13 and 15.
*Served by Deputy Brian Cunnings*: Interrogatories Nos. 1-15, 16, and 18.
*Served by Deputy Jacob Tallmon: Interrogatories Nos. 1-7, 9 and 10.*
*Served by Deputies James Adkins and Chris Swanson*: Interrogatories Nos. 1-6.
*Request for Production of Documents served by County of Madera*:  Plaintiff must identify and produce all documents in his possession.  If no documents exist, he shall so state.

Discovery Served on Wanda Pobursky:

*Served by County of Madera*:  Interrogatories Nos. 1-7, 9, 11-15 and 17.
*Served by Sergeant Karl Hancock:*  Interrogatories Nos. 1-7 and 9.
*Served by Deputy Brian Cunnings*: Interrogatories Nos. 1-9.
*Served by Deputies Tallmon, Adkins and Swanson and Sergeant Ackerman*: All.
*Request for Production of Documents served by County of Madera*:  Plaintiff must identify and produce all documents in her possession.  If no documents exist, she shall so state.

Ms. Pobursky is further reminded that she must provide separate responses from those of her husband, even if the responses are the same.  She many not simply refer Defendants to Mr. Pobursky's responses.

## ORDER

Plaintiffs shall provide responses to the above identified discovery within 45 days of the date of service of this order.  Failure to provide sufficient answers will result in the preclusion of evidence, as described above.

1    As the Court has allowed Plaintiffs one final attempt at providing sufficient responses, it

2  will not grant sanctions at this time.  Accordingly, Defendants' motion for sanctions is DENIED

3  WITHOUT PREJUDICE.

4    IT IS SO ORDERED.

5  **Dated:**   **February 20, 2009**                        **/s/ Dennis L. Beck**
                                                                            UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28