# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. POBURSKY, et al., | 1:07cv0611 AWI DLB |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTION FOR EVIDENTIARY SANCTIONS |
| v. | (Document 132) |
| MADERA COUNTY, et al., | |
| Defendants. | |

Defendants County of Madera, Richard Ackerman, James Adkins, Brian Cunnings, Karl Hancock, Chris Swansen and Jacob Tallmon ("Defendants") filed the instant motion for evidentiary sanctions on April 23, 2009. The motion was heard on May 29, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiffs James and Wanda Pobursky are appearing pro se in this matter and appeared on their own behalf. Michael Linden appeared on behalf of Defendants.

## BACKGROUND

Plaintiffs filed the instant action on April 23, 2007. The allegations stem from an incident during which Plaintiffs were arrested and their children taken into custody of Child Protective Services. Pursuant to the December 21, 2007, ruling on Defendants' motion to dismiss, the action is proceeding on the following causes of action: (1) the first cause of action, alleging that Defendants County of Madera, Deputy Brian Dee Cunnings, Sergeant Karl E. Hancock, Deputy Tallmon, Deputy J. Adkins, and Deputy Swanson violated Plaintiffs' Fourth

Amendment rights and conspired to violate Plaintiffs' Fourth Amendment rights; (2) the third cause of action to the extent Plaintiff Wanda Pobursky alleges that Defendant Sergeant Ackerman and two Doe Nurses caused a serious risk to her health by refusing to allow her to use a breast pump; and (3) the fourth cause of action alleging that Defendant Doc's Towing and Transport, Defendant Clifton Ginn, Defendant Madera County, Defendant Deputy Jacob Tallmon, and Defendant Deputy J. Adkins violated Plaintiffs' Fourth Amendment rights by stopping, searching and impounding Plaintiffs' van.

On September 9, 2008, the Court ruled on Defendants' motion to compel further responses to written discovery. The Court noted that the parties agreed that Plaintiffs would further respond to the discovery and Defendants would withdraw their request for monetary sanctions. Based on this agreement, the Court ordered Plaintiffs to provide further responses within thirty days of the date of service of the order.

Plaintiffs failed to comply with the order and Defendants filed their first motion for sanctions on January 16, 2009. On February 24, 2009, the Court ordered Plaintiffs to submit further discovery responses within 45 days and denied the motion for sanctions without prejudice. The Court explained that Plaintiffs would be given one final opportunity to provide proper responses, specifically stating:

> As the Court explained during the hearing, Plaintiffs must set forth, in a STRAIGHTFORWARD manner, ALL FACTS THAT SUPPORT THEIR CLAIMS. **IF PLAINTIFFS FAIL TO DO SO, ANY FACTS NOT FAIRLY DISCUSSED IN THEIR DISCOVERY RESPONSES WILL BE PRECLUDED FROM EVIDENCE IN A SUMMARY JUDGMENT MOTION AND/OR DURING TRIAL**. Fed. R.Civ.Proc. 37(b)(2)(A)(ii). Plaintiffs confirmed that they understood this at the hearing.

To avoid any confusion, the Court set forth the specific discovery in dispute.

Plaintiffs served their responses on April 29, 2009. Declaration of Michael R. Linden, ¶ 2.

Defendants filed the instant motion for evidentiary sanctions on April 23, 2009.

Plaintiffs did not file an opposition, although they did file an untimely request for a continuance. The Court denied this request on May 26, 2009.

## DISCUSSION

Defendants seek sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), which provides sanctions for failing to obey a discovery order. Specifically, Defendants request that Plaintiffs be precluded from introducing evidence relating to the subject matter of the improperly answered questions.

The Court has reviewed the discovery at issue and finds that Plaintiffs have failed to follow the Court's instructions set forth in the February 24, 2009, order in a majority of their responses. For example, despite the Court's direction to answer each question at issue in a straightforward manner, Plaintiffs continue provide incomplete responses, refer to other documents, or stand by their prior answers.

The Court is aware of Plaintiffs' pro se status and has taken this into consideration, as evidenced by the numerous opportunities afforded to Plaintiffs prior to the imposition of sanctions.[1] Plaintiffs' continued failure to properly respond, however, requires the Court to impose discovery sanctions at this time.

Therefore, Defendants' motion is GRANTED. Plaintiffs are prohibited from introducing further facts or evidence, as fully explained below, in response to the following discovery:

> Discovery served on James Pobursky:
> *Served by County of Madera*: Interrogatories Nos. 2-7
> *Served by Sergeant Karl Hancock:* Interrogatories Nos. 1, 7, 13
> *Served by Deputy Brian Cunnings*: Interrogatories Nos. 1-15, 16
> *Served by Deputy Jacob Tallmon:* Interrogatories Nos. 1-6
> *Served by Deputies James Adkins and Chris Swanson*: Interrogatories Nos. 1-6.
> *Request for Production of Documents served by County of Madera:* All
>
> Discovery Served on Wanda Pobursky:
> *Served by County of Madera*: Interrogatories Nos. 2-7
> *Served by Sergeant Karl Hancock:* Interrogatories Nos. 1, 2, 4, 7 and 9.
> *Served by Deputy Brian Cunnings*: Interrogatories Nos. 1, 2, 4-6, 7-9
> *Served by Deputies Tallmon, Adkins and Swanson and Sergeant Ackerman*: All.

Specifically, Plaintiffs cannot offer or introduce into evidence facts, either during summary judgment or at trial, which were not disclosed in response to the above discovery. Plaintiffs are not, however, precluded from relying on facts provided in their verified first

---

[1] The Court also notes, and the long, tortured history of discovery in this action demonstrates, the futility of contention interrogatories, *especially* in actions involving pro se plaintiffs.

1  amended complaint filed on August 13, 2007, facts provided in Defendants' responses to
2  discovery, facts provided in timely supplements to discovery responses, or facts disclosed during
3  Plaintiffs' upcoming depositions.
4      Insofar as the addresses of the minor witnesses is at issue, Plaintiffs have agreed to accept
5  service of process on behalf of the children.

7  IT IS SO ORDERED.
8     **Dated:   June 3, 2009**            /s/ **Dennis L. Beck**
                                                                  UNITED STATES MAGISTRATE JUDGE