# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES S. POBURSKY, et al., ) | 1:07cv0611 AWI DLB |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANTS' MOTION TO COMPEL AND REQUEST FOR SANCTIONS |
| v. ) | |
| ) | (Document 148) |
| MADERA COUNTY, et al., ) | |
| Defendants. ) | |

Defendants County of Madera, Richard Ackerman, James Adkins, Brian Cunnings, Karl Hancock, Chris Swansen and Jacob Tallmon ("Defendants") filed the instant motion to compel Plaintiffs James Pobursky and Wanda Pobursky to provide further responses to deposition questions on October 14, 2009. The motion was heard on November 20, 2009, before the Honorable Dennis L. Beck, United States Magistrate Judge. Plaintiffs James and Wanda Pobursky are appearing pro se in this matter and appeared on their own behalf. Michael Linden appeared on behalf of Defendants.

**BACKGROUND**

Plaintiffs filed the instant action on April 23, 2007. The allegations stem from an incident during which Plaintiffs were arrested and their children taken into custody of Child Protective Services. Specifically, Plaintiffs contend that on July 7, 2006, Sergeant Karl Hancock and Deputy Brian Cummings, claiming to have a warrant for the arrest of their daughter, Jami Pobursky, approached Mr. Pobursky in the front yard of a residence located on Sierra Lakes Drive in

Oakland. Plaintiffs contend that the deputies violated Mr. Pobursky's Fourth Amendment rights by questioning him in the yard about his daughter, and further contend that he was subject to an unlawful arrest and the use of excessive force. Plaintiffs contend that the deputies then made a warrantless entry into their residence, without proper consent, and that Ms. Pobursky was arrested without probable cause. Mr. Pobursky also contends that he was subject to illegal vehicle stops on two occasions after this incident.

On September 9, 2008, the Court ruled on Defendants' motion to compel further responses to written discovery. The parties agreed that Plaintiffs would further respond to the discovery and Defendants would withdraw their request for monetary sanctions. Based on this agreement, the Court ordered Plaintiffs to provide further responses within thirty days of the date of service of the order.

Plaintiffs failed to comply with the order and Defendants filed their first motion for sanctions on January 16, 2009. On February 24, 2009, the Court ordered Plaintiffs to submit further discovery responses within 45 days and denied the motion for sanctions without prejudice. The Court explained that Plaintiffs would be given one final opportunity to provide proper responses.

On April 23, 2009, Defendants filed a motion for evidentiary sanctions based on Plaintiffs' continued failure to respond to discovery. Defendants argued that Plaintiffs continued to invoke their Fifth Amendment privilege to questions seeking basic background information and that Mr. Pobursky continued to refer to other documents in his responses. The Court granted the motion on June 6, 2009, and prohibited Plaintiffs from introducing evidence in response to the specific interrogatories that they failed to answer. Plaintiffs were not precluded from relying on facts provided in their verified complaint, facts provided in Defendants' responses to discovery, facts provided in timely supplements to discovery responses, or facts disclosed during Plaintiffs' depositions.

Defendants filed the instant motion on October 14, 2009. Defendants seek to compel Plaintiffs to answer deposition questions to which they asserted their Fifth Amendment right against self-incrimination. The parties filed separate statements prior to the hearing.

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.... The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

It is true that a party can assert his or her Fifth Amendment's right against self incrimination as a privilege in a civil action. Fed. R. Civ. P 26(b)(5); Kastigar v. United States, 406 U.S. 441, 444 (1972). However, a party's Fifth Amendment interests are to be balanced against the opposing party's interests so as to "ensure that the opposing party is not unduly disadvantaged." Serafino v. Hasbro, Inc., 82 F.3d 515, 518 (1st Cir. 1996). Where a plaintiff's invocation of the Fifth Amendment is response to discovery requests results in substantial prejudice to the defendant, i.e., where there is no other way of providing a defense, a dismissal with prejudice may be the only remedy. Id., 518-519.

"'To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'" Baker v. Limber, 647 F.2d 912, 917 (9th Cir. 1981), quoting Hoffman v. United States, 341 U.S. 479, 486-487 (1951). "The trial court must make this determination from the facts as well as from [the judge's] personal perception of the peculiarities of the case." Hoffman, 341 U.S. at 487. Once the trial court makes a determination that there is no danger of self-incrimination, the party asserting the privilege bears the burden of showing how it applies. Id.

Plaintiffs have refused to answer a myriad of deposition questions, ranging from those seeking basic background information to those directly related to the elements of Plaintiffs' claims. Specifically, Plaintiffs invoked their Fifth Amendment right against self-incrimination for questions related to the arrest warrant, the existence of probable cause, the alleged illegal entry, the alleged illegal vehicle stop and their alleged damages.

The responses to these questions, however, are critical to the elements of Plaintiffs' claims. For example, Plaintiffs refused to answer all questions relating to their daughter, Jami, yet whether Jami was in the car and/or van is a key issue. Similarly, they refused to answer any questions relating to Linda Bye, the owner of the home, even though such information is also critical to their Fourth Amendment claims.

Moreover, Defendants are entitled to fully explore the issues raised in the complaint so that they can meaningfully defend themselves. Plaintiffs contend that they are 'private' people, and while this may be so, they have chosen to bring this action against Defendants and they cannot now prohibit Defendants from discovering the facts supporting their allegations.

The Court also questions whether Plaintiffs invoked their Fifth Amendment right in good faith. Plaintiffs have not explained how any of the answers to the questions at issue would incriminate them. For example, it is difficult to comprehend how responses to questions about the their agreement with Linda Bye would be incriminating. Plaintiffs contend that it was a private agreement that contains 'proprietary information,' but this is far from the standard necessary to support an invocation of the Fifth Amendment. Again, by filing this action, Plaintiffs have waived their claims of 'privacy' and must respond to relevant questions.

During the hearing, Plaintiffs indicated that they would answer the questions, but were unsure of how to do so. Recognizing Plaintiffs' pro se status, this Court has offered numerous explanations and afforded Plaintiffs many opportunities to properly answer discovery. Given Plaintiffs indication that they would provide answers, the Court will allow them one final opportunity to provide the necessary discovery. If Plaintiffs decide that they do not want to provided further responses, the Court will have no alternative but to recommend dismissal their action.

Pursuant to Defendants' request for sanctions, Plaintiffs must reimburse Defendants for the court reporter fees paid for their prior depositions. According to the Declaration of Michael Linden submitted on November 20, 2009, the court reporter fees for Mr. Pobursky's September 10, 2009, deposition were $187.50. The fees for Ms. Pobursky's June 18, 2009, deposition were $120.00, for a total of $307.50.

**ORDER**

Defendants' motion to compel is therefore GRANTED.  Plaintiffs SHALL appear for further depositions, to take place in Courtroom 9, at a mutually agreeable time and date.  Defendants' request for sanctions is also GRANTED.  Plaintiffs are ORDERED to pay sanctions in the amount of $307.50.  This amount is payable to Defendants' counsel within thirty (30) days of the date of service of this order.

IT IS SO ORDERED.

Dated:   **November 23, 2009**               **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE