# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES S. POBURSKY, et al., | ) | 1:07cv0611 AWI DLB |
| | ) | |
| Plaintiffs, | ) ) ) | ORDER DENYING PLAINTIFFS' REQUEST TO CERTIFY INTERLOCUTORY APPEAL (Document 163) |
| v. | ) | |
| MADERA COUNTY, et al., | ) ) | ORDER SETTING BRIEFING SCHEDULE |
| | ) | |
| Defendants. | ) ) | |

Plaintiffs James S. and Wanda Pobursky ("Plaintiffs"), proceeding pro se, filed the instant Notice of Interlocutory Appeal on December 21, 2009. Plaintiffs seek to appeal the Court's November 23, 2009, order requiring Plaintiffs to appear for their depositions.

A.  Legal Standard

Generally, a party may seek review of a district court's rulings only after a final judgment has been entered. In re Cement Antitrust Litigation, 673 F.2d 1020, 1027 (9th Cir.1982). In rare circumstances, however, the district court may certify an order for interlocutory review under 28 U.S.C. section 1292(b).[1] See id. Certification for appeal is appropriate where the "order involves a controlling question of law as to which there is substantial ground for difference of

---

[1] An appellate court will not consider the appeal absent written certification by the district court. Credit Suisse v. U.S. District Ct., 130 F.3d 1342, 1346 (9th Cir. 1997). A party must obtain certification from both the district court and the court of appeals to bring an interlocutory appeal. City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001).

1

opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "[I]n order for a question to be 'controlling,'" it must be shown that "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." In re Cement Antitrust Litigation, 673 F.2d at 1026. The issue need not be "dispositive of the lawsuit in order to be regarded as controlling," but it cannot be collateral to the basic issues of the case. United States v. Woodbury, 263 F.2d 784, 787 (9th Cir.1959).

B. Analysis

Plaintiffs' Notice of Interlocutory appeal merely states that they "appeal from the order or judgment entered on November 23, 2009" and that the order "affects a substantial right."

In the Court's November 23, 2009, order, the Court found that Plaintiffs were invoking their Fifth Amendment rights in response to a myriad of questions, ranging from those seeking basic background information to those directly related to the elements of Plaintiffs' claims. The Court explained that the answers to these questions, however, are critical to the elements of Plaintiffs' claims and Defendants are therefore fully entitled to explore these issues so that they can meaningfully defend themselves. Specifically, the Court explained:

> Moreover, Defendants are entitled to fully explore the issues raised in the complaint so that they can meaningfully defend themselves. Plaintiffs contend that they are 'private' people, and while this may be so, they have chosen to bring this action against Defendants and they cannot now prohibit Defendants from discovering the facts supporting their allegations.
>
> The Court also questions whether Plaintiffs invoked their Fifth Amendment right in good faith. Plaintiffs have not explained how any of the answers to the questions at issue would incriminate them. For example, it is difficult to comprehend how responses to questions about the their agreement with Linda Bye would be incriminating. Plaintiffs contend that it was a private agreement that contains 'proprietary information,' but this is far from the standard necessary to support an invocation of the Fifth Amendment. Again, by filing this action, Plaintiffs have waived their claims of 'privacy' and must respond to relevant questions.

While a deponent's right to invoke the Fifth Amendment is a substantial issue, the resolution of Plaintiffs' right to invoke the Fifth Amendment before this Court is not subject to an alternate conclusion. In other words, Plaintiffs' invocation of the Fifth Amendment was baseless and substantial grounds for a difference of opinion do not exist.

2

Accordingly, the Court DENIES Plaintiffs' request to certify an interlocutory appeal.

The Court also notes that if Plaintiffs' intended for their Notice of Interlocutory Appeal to be a request for reconsideration by the District Court judge, even though it is unlikely given that the document is specifically captioned "The United States Ninth Circuit Court of Appeal," the request is untimely. A magistrate judge's order becomes final 14 days after issuance and any request and/or objection must therefore be filed within that time. Fed. R. Civ. Proc. 72(a); Local Rule 303(b). Plaintiffs' Notice of Interlocutory Appeal was filed on December 21, 2009, more than 14 days after the November 23, 2009, order.

Defendants' motion to dismiss is currently pending. The motion was originally set for hearing on February 5, 2010, but has been moved to March 12, 2010, due to this Notice of Interlocutory Appeal. Plaintiffs did not file an opposition to the motion. In the event Plaintiffs believed that this action was stayed because of the Notice of Interlocutory Appeal and therefore did not file an opposition, Plaintiffs will be given an opportunity to file an opposition. Any opposition SHALL be due on or before February 26, 2010. A reply, if any, SHALL be due on March 5, 2010.

IT IS SO ORDERED.

**Dated: February 4, 2010**          /s/ Anthony W. Ishii
CHIEF UNITED STATES DISTRICT JUDGE