1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES S. POBURSKY, et al.,                    )   1:07cv0611 AWI DLB
                                              )
                                              )
                    Plaintiffs,               )   FINDINGS AND RECOMMENDATIONS
                                              )   REGARDING DEFENDANTS' MOTION FOR
      v.                                      )   INVOLUNTARY DISMISSAL
                                              )   (Document 164)
MADERA COUNTY, et al.,                        )
                                              )   ORDER SETTING BRIEFING SCHEDULE
                                              )
                    Defendants.               )
_____)

16      Defendants County of Madera, Richard Ackerman, James Adkins, Brian Cunnings, Karl

17 Hancock, Chris Swansen and Jacob Tallmon ("Defendants") filed the instant motion for

18 involuntary dismissal on December 29, 2009.  On January 5, 2010, the motion was referred to the

19 undersigned for Findings and Recommendations to the District Court.  Defendants' motion was

20 heard on March 26, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge.

21 Michael Linden appeared on behalf of Defendants.  Plaintiff James Pobursky, appearing pro se,

22 appeared by telephone.  Plaintiff Wanda Pobursky, also appearing pro se, was present in the

23 courtroom.

24                                    **BACKGROUND**

25      Plaintiffs filed the instant action on April 23, 2007.  The allegations stem from an

26 incident during which Plaintiffs were arrested and their children taken into custody of Child

27 Protective Services.  Specifically, Plaintiffs contend that on July 7, 2006, Sergeant Karl Hancock

28 and Deputy Brian Cunnings, claiming to have a warrant for the arrest of their daughter, Jami

Pobursky, approached James Pobursky in the front yard of a residence located on Sierra Lakes

Drive in Oakhurst.  Plaintiffs contend that the deputies violated Mr. Pobursky's Fourth

Amendment rights by questioning him in the yard about his daughter, and further contend that he

was subject to an unlawful arrest and the use of excessive force.  Plaintiffs allege that the

deputies then made a warrantless entry into their residence, without proper consent, and that Ms.

Pobursky was arrested without probable cause.  Mr. Pobursky also contends that he was subject

to illegal vehicle stops on two occasions after this incident.

Defendants filed the instant motion for involuntary dismissal on December 29, 2009.

Plaintiffs did not file a timely opposition.  On January 25, 2010, Defendants filed a reply.

The hearing was originally scheduled for February 5, 2010, but was continued to March

12, 2010, due to Plaintiffs' notice of interlocutory appeal.  The Court denied Plaintiffs' request to

certify the appeal on February 4, 2010.  The Court also allowed Plaintiffs additional time to file

an opposition to the motion to dismiss.

On February 8, 2010, Mr. Pobursky, who is now incarcerated, filed an ex parte motion to

"command" his appearance at the March 12 hearing.  In its February 10, 2010, order, the Court

explained that Mr. Pobursky could appear by phone.  The Court also continued the hearing to

March 26, 2010, and extended the time for Plaintiffs to file an opposition to March 12, 2010.

Plaintiffs did not file a timely opposition.  Instead, on March 17, 2010, Mr. Pobursky

filed a second motion to compel his attendance at the March 26 hearing.  The Court denied this

request in open court at the hearing on the motion and by separate order.

Defendants filed a second reply on March 18, 2010.

## PRIOR DISCOVERY DISPUTES

On July 17, 2008, and August 1, 2008, Defendants moved to compel further responses to

written interrogatories.  The Court ruled on the motions on September 9, 2008, noting that the

parties agreed that Plaintiffs would further respond to the discovery and Defendants would

withdraw their request for monetary sanctions.  Based on this agreement, the Court ordered

Plaintiffs to provide further responses within thirty days.

Plaintiffs failed to comply with the order and Defendants filed their first motion for sanctions on January 16, 2009.  On February 24, 2009, the Court ordered Plaintiffs to submit further discovery responses within 45 days and denied the motion for sanctions without prejudice.  The Court explained that Plaintiffs would be given one final opportunity to provide proper responses, specifically stating:

> As the Court explained during the hearing, Plaintiffs must set forth, in a STRAIGHTFORWARD manner, ALL FACTS THAT SUPPORT THEIR CLAIMS. IF PLAINTIFFS FAIL TO DO SO, ANY FACTS NOT FAIRLY DISCUSSED IN THEIR DISCOVERY RESPONSES WILL BE PRECLUDED FROM EVIDENCE IN A SUMMARY JUDGMENT MOTION AND/OR DURING TRIAL. Fed. R.Civ.Proc. 37(b)(2)(A)(ii).

To avoid any confusion, the Court set forth the specific discovery in dispute.  At the hearing Plaintiffs confirmed that they understood the Courts' instructions.

On April 23, 2009, Defendants filed a motion for evidentiary sanctions based on Plaintiffs' continued failure to properly respond to discovery.  On June 4, 2009, the Court issued an order granting Defendants' motion and imposing evidentiary sanctions.  The Court explained:

> The Court is aware of Plaintiffs' pro se status and has taken this into consideration, as evidenced by the numerous opportunities afforded to Plaintiffs prior to the imposition of sanctions.  Plaintiffs' continued failure to properly respond, however, requires the Court to impose discovery sanctions at this time.

The Court precluded Plaintiffs from offering or introducing into evidence facts, either during summary judgment or at trial, which were not disclosed in response to the discovery at issue.  The Court also noted Plaintiffs' agreement to accept service deposition notices on behalf of the minor children.

On October 14, 2009, Defendants filed a motion to compel Plaintiffs to provide responses to deposition questions after Plaintiffs refused to answer questions based on their Fifth Amendment right against self-incrimination.

On November 5, 2009, Plaintiffs filed a motion for a protective order to prohibit the depositions of their minor children.

On November 23, 2009, the Court granted Defendants' motion to compel further responses to deposition questions.  The Court explained that Defendants were fully entitled to explore the issues raised in the complaint and Plaintiffs could not now prohibit Defendants from

obtaining discovery by improperly invoking the Fifth Amendment.  The Court questioned

whether Plaintiffs asserted their Fifth Amendment right in good faith because they failed to

explain how questions seeking basic information could incriminate them.  The Court held:

> During the hearing, Plaintiffs indicated that they would answer the questions,
> but were unsure of how to do so. Recognizing Plaintiffs' pro se status, this Court has
> offered numerous explanations and afforded Plaintiffs many opportunities to properly
> answer discovery.  Given Plaintiffs' indication that they would provide answers, the
> Court will allow them one final opportunity to provide the necessary discovery. If
> Plaintiffs decide that they do not want to provide further responses, the Court will have
> no alternative but to recommend dismissal their action.

The Court ordered Plaintiffs to appear for further depositions, to take place in Courtroom 9, at a

mutually agreeable time and date.  The Court also ordered Plaintiffs to reimburse Defendants for

the court reporter fees paid for their prior depositions, an amount totaling $307.50.

On December 4, 2009, Plaintiffs filed a Declaration in which they continued to assert

their Fifth Amendment rights and asked that the Court not compel them to respond to further

deposition questions.  Citing "hard economic times," Plaintiffs also requested that the Court not

impose sanctions.

Pursuant to the Declaration of Michael R. Linden filed on December 7, 2009, Plaintiffs

did not cooperate with setting a date and time for their further depositions.

On December 21, 2009, Plaintiffs filed a Notice of Interlocutory Appeal.  Plaintiffs

sought to appeal the November 23, 2009, order, which they believed "affect[ed] a substantial

right."

On January 7, 2010, the day before the scheduled hearing on Plaintiffs' motion for

protective order, Plaintiffs withdrew their motion.  Plaintiffs cited the "Interlocutory Appeal on

the related matter."

The Court denied Plaintiffs' request to certify the appeal on February 4, 2010.

In their two replies, Defendants set out Plaintiffs' actions since the filing of their motion.

On January 8, 2010, Defendants re-noticed the deposition of the minor children.  On January 21,

2010, Plaintiffs informed Defendants that they would not be producing the children.  In a January

25, 2010, letter, Plaintiffs indicated that the "appeal issues have everything to do with the

depositions of our children and their rights."  Plaintiffs then provided a "tentative date" of

February 22, 2010, for the depositions.  Defendants re-noticed the children's depositions for that date.  Supplemental Declaration of Michael Linden, ¶ 5.

Defendants explain that on February 18, 2010, Ms. Pobursky contacted Defendants' counsel by telephone and indicated that she would not be producing her children for depositions because Mr. Pobursky was incarcerated.  Second Supplemental Declaration of Michael Linden, ¶ 4.

## DISCUSSION

Defendants move to involuntarily dismiss this action based on Plaintiffs' failure to pay the monetary sanctions pursuant to the Court's November 23, 2009, order.  Defendants contend that this failure, coupled with Plaintiffs' long history of discovery abuse, warrant dismissal.

Federal Rule of Civil Procedure 41(b) provides:

> (b) **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Pursuant to Ninth Circuit law, in order for a court to dismiss a case as a sanction, it must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."  Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (internal citations omitted).   Dismissal is a harsh penalty that should "only be imposed in extreme circumstances."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998).  To justify involuntary dismissal, the Court must find willfulness, fault or bad faith on the part of the disobedient party.  Leon v. IDZ Systems Corp., 464 F.3d 951, 958 (9th Cir. 2006); Fjelstad v. American Honda Motor Co., 762 F.2d 1334, 1337 (9th Cir.1985).

Defendants move for involuntary dismissal based specifically on Plaintiffs' failure to pay $307.50 in sanctions imposed by the Court's November 23, 2009, order.  While the Court may examine Plaintiffs' other discovery actions, it must focus its analysis on the alleged event that supports the filing of the motion in the first instance.

As noted above, to justify the sanction of involuntary dismissal, the Court must find that Plaintiffs acted with bad faith, willfulness or fault.  The Court recognizes that certain factors may weigh in favor of dismissal, such as the amount of time this action has been pending and the parties' discovery history, but it cannot find that Plaintiffs acted with the requisite intent in failing to pay the monetary sanctions.  In their December 4, 2009, filing, Plaintiffs object to the sanctions in part based on "hard economic times" and their need to support their large family.  Plaintiffs also believed that the sanctions issue would be addressed in connection with the filing of their notice of interlocutory appeal on December 21, 2009.  Although Defendants go to great length to demonstrate why Plaintiffs' belief was incorrect, the legal accuracy of their belief is irrelevant.  In determining whether to impose such a severe sanction, the Court will not fault these pro se Plaintiffs for their reasonable confusion.

Insofar as Defendants cite Plaintiffs' failure to schedule a date for their depositions and produce their children for depositions, these actions are not clear examples of a failure to cooperate with discovery.  During the hearing, Mr. Pobursky testified that he did not recall the details surrounding the scheduling of Plaintiffs' depositions, and without his notes related to the action, he could not provide a specific answer.  Mr. Pobursky also denied ever disobeying an order from the Court.  Therefore, in light of the fact that Mr. Pobursky is now incarcerated and allegedly does not have all of his legal materials, the Court cannot find an unequivocal refusal to cooperate.

Defendants' bad faith argument is focused mainly on Plaintiffs' refusal to produce their children for deposition.  Again, however, even Plaintiffs' repeated refusal to allow the depositions of their children to go forward cannot be characterized as a clear refusal to cooperate in light of Plaintiffs' beliefs as to the impact of the notice of interlocutory appeal and Mr. Pobursky's current incarceration.  Mr. Pobursky could not provide a definitive explanation as to why he would not produce his children without his materials, though he believed that a finding on appeal as to his Fifth Amendment rights would also affect his children's rights.  He also contends, and the Court agrees, that his offer of a tentative date for the depositions negates a finding of wilfulness or bad faith.  Finally, Ms. Pobursky cancelled the children's depositions

most recently because of Mr. Pobursky's incarceration.  It is certainly reasonable for a pro se

plaintiff such as Mr. Pobursky, as the parent of the deponents, to postpone depositions until he

can be present.

   The Court therefore recommends that Defendants' motion for involuntary dismissal be

denied.  Defendants have not demonstrated that Plaintiffs' actions in discovery are sufficiently

severe so as to warrant dismissal of their action.

**RECOMMENDATION**

   Based on the above, the Court RECOMMENDS that Defendants' motion for involuntary

dismissal be DENIED.

   These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii,

United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and

Rule 305 of the Local Rules of Practice for the United States District Court, Eastern District of

California.  Within thirty days (plus three days if served by mail) after being served with a copy,

any party may serve on opposing counsel and file with the court written objections to such

proposed findings and recommendations.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served

and filed within ten (10) days (plus three days if served by mail) after service of the objections.

The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

**ORDER**

   During the hearing, Ms. Pobursky requested, for the first time, that this action be stayed

pending Mr. Pobursky's release from jail.  The Court will not rule on such a request, however,

without the filing of a formal motion.  Therefore, if Plaintiffs wish to file a motion to stay this

action, they must do so within thirty (30) days of the date of service of this order.  Defendants'

opposition will be due twenty (20) days from the date of service of the motion and Plaintiffs'

reply, if any, will be due within fifteen (15) days of the date of service of the opposition.

   IT IS SO ORDERED.

   **Dated:   April 5, 2010**          **/s/ Dennis L. Beck**
                               UNITED STATES MAGISTRATE JUDGE